IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHSOUTH, INC.<br><br>d/b/a<br><br>HEALTHSOUTH MOBILE SURGERY CENTER,<br><br>Defendant. | Civil Action No.<br>05-517-B<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

FILED SEP 26 '05 PM 1 44 USDC AS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Infanta Rogers who was adversely affected by such practices. The Commission alleges that the Defendant discriminated against

1

Infanta Rogers by failing to promote her to a charge nurse position at its Mobile, Alabama surgery center, because of her race, black.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 703, 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The unlawful employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Alabama, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the Defendant, HealthSouth Corporation ("HealthSouth" or the "Employer") has continuously been doing business in the State of Alabama and the city of Mobile, and has continuously had at least 15 employees.

5. At all relevant times, the Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Infanta Rogers filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July, 2003, Defendant has engaged in unlawful employment practices at its Mobile, Alabama, facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). In particular, Defendant failed to promote Infanta Rogers to the position of charge nurse at its Mobile, Alabama, surgery center, because of her race, black.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Infanta Rogers of equal employment opportunities and otherwise adversely affected her status as an employee, because of her race, black.

9. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

10. The unlawful employment practices complained of in paragraphs 7, 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Infanta Rogers.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, agents, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race.

B. Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all of its employees regardless of race and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Infanta Rogers by providing appropriate relief, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Infanta Rogers by providing her with compensation for non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 8 and 9 above, including pain and suffering,

emotional distress, humiliation, isolation, depression, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant Employer to pay Infanta Rogers punitive damages for its malicious and reckless conduct described in paragraphs 7, 8 and 9 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

5

_____
CHARLES E. GUERRIER
Regional Attorney
Ohio State Bar ID #0023546

_____
MASON D. BARRETT
Senior Trial Attorney
Colorado State Bar ID #21309


EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205-2886
Telephone: (205) 212-2047
Facsimile: (205) 212-2041